**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GLENN RICHARD OLSEN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 15-2889 (MAS)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Glenn Richard Olsen's ("Plaintiff") appeal from the final decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Defendant"), denying his request for benefits. (ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Court dismisses Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## I. BACKGROUND

On April 23, 2015, Plaintiff appealed Defendant's denial of his request for benefits. (ECF No. 1.) On July 29, 2015, Defendant filed an Answer to the Complaint and submitted the Administrative Record. (ECF Nos. 4, 5.) The Court's October 30, 2015 scheduling order provided that: (1) Plaintiff must electronically file a statement of his primary contentions or arguments for relief by November 12, 2015; (2) Defendant must file a response by December 10, 2015; (3) Plaintiff must electronically file his moving brief by January 7, 2016; (4) Defendant must file a responsive brief within 45 days of the moving brief; and (5) Plaintiff may file a reply brief within

fifteen days of the responsive brief. The Order additionally provided, "**NO ENLARGEMENTS OF TIME WILL BE GRANTED** to comply with any directive in this Order, even with the consent of all parties, barring extraordinary circumstances." (Oct. 30, 2015 Or., ECF No. 7.) Plaintiff failed to electronically file his statement of primary contentions by November 12, 2015. In addition, correspondence from Defendant dated December 1, 2015, advised that Plaintiff failed to comply with the Court's October 30, 2015 Order. Plaintiff failed to file a response to Defendant's correspondence. Therefore, on February 1, 2016, the Court issued an Order to Show Cause ("OTSC") that required Plaintiff to show cause in writing by February 16, 2016, as to why this action should not be dismissed for failure to comply with the Court's October 30, 2015 Order. (ECF No. 9.) Plaintiff failed to respond to the Court's OTSC.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court's consideration of whether to dismiss an action under Rule 41(b) is governed by the following factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

With respect to the first *Poulis* factor, the Plaintiff has failed to comply with the Court's orders and this factor weighs in favor of dismissal. The second *Poulis* factor weighs somewhat in favor of dismissal. In the type of administrative appeal currently at issue, paper discovery is not

exchanged and depositions are not taken, so Plaintiff's failure to prosecute his case does not result in the type of injustice to Defendant that is present in traditional civil cases. Nevertheless, the correspondence on the docket reflects Defendant's readiness to participate in the action and there is, at the very least, some inherent prejudice to Defendant caused by the delay that has resulted from Plaintiff's failure to prosecute his case.

The third *Poulis* factor also weighs in favor of dismissal as Plaintiff has demonstrated a history of dilatoriness. As to the fourth *Poulis* factor, the Court does not find that Plaintiff's conduct has been in bad faith. However, Plaintiff's failure to comply with Court orders supports a finding of willfulness. As such, this factor also weighs in favor of dismissal. The fifth *Poulis* factor similarly weighs in favor of dismissal. The Court's OTSC provided Plaintiff the opportunity to argue against dismissal, and Plaintiff failed to respond to the OTSC. Based on the current facts, the Court finds that no lesser sanction would be effective.

Finally, the sixth *Poulis* factor appears to weigh in favor of dismissal. On appeal from the final decision of the Commissioner of the Social Security Administration, the district court must determine whether there is substantial evidence in the record to support the Commissioner's decision. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *see Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer*, 186 F.3d at 427. In reviewing the record for substantial evidence, a court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford*, 399 F.3d at 552 (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

The administrative record in this matter reflects that the Appeals Council carefully considered the ALJ's original decision and remanded the matter to the ALJ with detailed instructions. (Administrative Transcript ("Tr.") 15, ECF No. 5-2.) On October 24, 2013, the ALJ found that Plaintiff had been disabled since February 28, 2011. (*Id.* at 16.) In November 23, 2013 correspondence, Plaintiff raised a discrepancy between the ALJ's Notice of Decision and the content of the October 24, 2013 decision. (*Id.* at 11.) Plaintiff noted that the Notice of Decision stated "Fully Favorable" and argued that a "fully favorable" decision would reflect a disability onset date of February 2009. (*Id.*) Accordingly, Plaintiff asserted that the decision was only "partially favorable." (*Id.*) The ALJ's December 17, 2013 Notice of Amended Decision reflects the "Partially Favorable" designation. (*Id.* at 12-13.) Plaintiff subsequently requested review by the Appeals Council (*id.* at 10), which the Appeals Council denied on February 25, 2015 (*id.* at 1). Here, the Court has reviewed the record in the matter, albeit without the benefit of legal arguments from either party due to Plaintiff's failure to comply with the Court's orders. At the very least, it appears from the Court's review of the record that the ALJ's decision was most likely supported by substantial evidence. Accordingly, the final *Poulis* factor weighs in favor of dismissal.

## III. CONCLUSION

As all of the *Poulis* factors weigh in favor of dismissal, the Court finds good cause to dismiss the matter with prejudice pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order accompanies this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: May 9, 2016